# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

**SPARKLE THOMPSON**
    Plaintiff,

vs.

**COMMISSIONER OF**
**SOCIAL SECURITY,**
    Defendant.
_____/

**CIVIL ACTION NO. 05-73525**

**HONORABLE GERALD E. ROSEN**

**HONORABLE STEVEN D. PEPE**

## ORDER DENYING PLAINTIFF'S APPLICATION FOR APPOINTMENT OF COUNSEL

On September 14, 2005, Plaintiff filed her request for review of a denial of social security benefits. All non-dispositive motions were assigned to the undersigned for determination pursuant to 28 U.S.C. § 636(b)(1)(A). Plaintiff filed this *Motion For The Appointment Of Counsel* on September 14, 2005.

Under 28 U.S.C. § 1915(e)(1), a federal court may request counsel to represent an indigent plaintiff. 28 U.S.C. § 1915(e)(1); *Reneer v. Sewell*, 975 F.2d 258, 261 (6th Cir. 1992). Yet, appointment of counsel for an indigent party is a privilege justified only under exceptional circumstances. *Lavado v. Keohane*, 992 F.2d 601, 606 (6th Cir. 1993). To determine whether exceptional circumstances necessitating the appointment of counsel are present, courts consider the type of case involved, the ability of the plaintiff to represent himself, the complexity of the factual and legal issues, and whether the plaintiff's claims are frivolous or have an extremely small likelihood of success. *Id.*; *Reneer*, 975 F.2d at 261; *Mars v. Hanberry*, 752 F.2d 254, 256 (6th Cir. 1985). Based on several considerations, Plaintiff's claim is denied.

Plaintiff has demonstrated in her complaint that she understands the issues that her son's

application for child's disability benefits for hearing and ADHD impairments was not fairly handled by the Social Security Administration.  It is believed that she can present these issues to a Court in a satisfactory manner.  Also, it must be noted that there is a great scarcity of attorneys available to represent indigent persons in this Court.  This Court has no funds to secure attorneys for indigent parties in civil cases, and has great difficulty finding a sufficient number of attorneys willing to volunteer time to serve in *pro bono* cases without payment.

After the Defendant files an answer to the complaint along with the administrative record, the undersigned will issue a scheduling order.  Plaintiff must file a motion for summary judgment by the date noted in the scheduling order pointing out the factual mistakes she believes the Administrative Law Judge made. This Court is fully aware of the legal framework for an award of benefits and the procedural legal standards an Administrative Law Judge must meet in order to deny an award of benefits.  It will fully analyze this case in the light of such law and the full administrative record that will be provided to the Court.

Accordingly, Plaintiff's motion for appointment of counsel is DENIED.

SO ORDERED.


Dated: March 14, 2006                                              s/Steven D. Pepe
Ann Arbor, Michigan                                                United States Magistrate Judge

Certificate of Service

    I hereby certify that a copy of this Order was served upon the attorneys and/or parties of record by electronic means or U. S. Mail on March 14 , 2006.

                                                        s/William J. Barkholz
                                                        Courtroom Deputy Clerk